United States District Court
Southern District of Texas

**ENTERED**

April 27, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DEMIAN MCELHINNY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00216 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER ADOPTING MEMORANDUM AND RECOMMENDATION</u>

Plaintiff Demian McElhinny, proceeding pro se, brings this prisoner civil rights suit complaining that he was denied due process in the review of his parole application. On December 2, 2025, United States Magistrate Judge Julie K. Hampton issued her Memorandum and Recommendation (M&R), recommending that the Court dismiss Plaintiff's complaint. D.E. 12. Plaintiff was provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Plaintiff filed his objections on December 22, 2025.[1] D.E. 15.

---

[1] Parties usually have fourteen days to file objections to an M&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). However, the M&R was served on Plaintiff via certified mail, so Plaintiff had an additional three days to object. *See Rangel v. ASLM II*, No. EP-24-CV-00436-DCG, 2025 WL 2731841, at *2 (W.D. Tex. Sept. 25, 2025) (citing Fed. R. Civ. P. 6(d)). Additionally, under the prison mailbox rule, a pro se prisoner's objections to an M&R are "deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court." *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) (applying the prison mailbox rule to filing objections to an M&R). The envelope containing Plaintiff's objections was postmarked on December 18, 2025. The objections are thus deemed timely filed within seventeen days from the day the M&R was mailed to Plaintiff. *See* Fed. R. Civ. P. 5(b)(2)(C); D.E. 13.

1 / 7

## STANDARD OF REVIEW

A district court must review de novo any portions of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. Fed. R. Civ. P. 72(b). Objections must point out with sufficient particularity any alleged error in the magistrate judge's analysis; otherwise, they do not constitute proper objections and will not be considered. *Id.*; *see Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("[P]arties filing objections must specifically identify those findings objected to."); *Edmonds v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review not invoked when petitioner merely re-urges arguments contained in original petition). After considering proper objections, the district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. Fed. R. Civ. P. 72(b). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## PLAINTIFF'S OBJECTIONS

Plaintiff raises several objections related to his argument about Texas Code of Criminal Procedure Article 37.07, § 4(a) and Article IV, § 11 of the Texas Constitution. He objects that the Magistrate Judge did not address his argument that these two provisions place exclusive authority and discretion over parole decisions in the hands of Texas trial courts, not the Texas Board of Pardons and Paroles (TBPP). D.E. 15, pp. 4, 7-8. He also

2 / 7

objects that the Magistrate Judge improperly rejected or failed to address his argument that these provisions create a liberty interest in parole. *Id.* Specifically, he challenges several cases that the M&R relies on for its conclusions. *Id.* at pp. 9-10.

Plaintiff also objects that the Magistrate Judge incorrectly characterized the claims he has raised in this lawsuit. *Id.* at pp. 4-5. He argues that he is not challenging the calculation of his sentence or eligibility for early release. *Id.* Plaintiff objects to the Magistrate Judge's recommendation that the dismissal of Plaintiff's complaint count as a "strike" for the purposes of 28 U.S.C. § 1915(g). *Id.* at pp. 11-12. And finally, he objects to the recommendation to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *Id.* at 11.

## DISCUSSION[2]

Most of Plaintiff's arguments center around the impact he claims Article 37.07, § 4(a) and the Texas Constitution have on early release in Texas. Contrary to Plaintiff's contention, the M&R sufficiently addressed Article 37.07, § 4(a). In doing so, it explains that Article 37.07, § 4(a) concerns a jury instruction, not a substantive parole law. *See* D.E. 12, pp. 15-16. The instruction alerts juries about the potential of early release and is careful to emphasize that parole is not guaranteed or predictable. *Id.*

Versions of Article 37.07, § 4(a) have existed for decades. In *Rose v. State*, the Texas Court of Criminal Appeals held that the instruction violated the Texas Constitution.

---

[2] Plaintiff states in his objections that he is voluntarily dismissing from his complaint two defendants: Texas Board of Pardons and Paroles Institutional Parole Officer Steve Quinones and McConnell Unit Warden Amonette. D.E. 15, pp. 1-2. All claims against those defendants are therefore **DISMISSED**.

752 S.W.2d 529, 535 (Tex. Crim. App. 1987), *abrogated by*, *Karenev v. State*, 281 S.W.3d 428 (Tex. Crim. App. 2009). In response to that holding, a constitutional amendment was passed, Article IV, § 11, in 1989 to allow the Legislature to mandate an instruction like Article 37.07, § 4(a). *See Luquis v. State*, 72 S.W.3d 355, 361 (Tex. Crim. App. 2002). Subsequently, the Legislature reenacted Article 37.07, § 4(a). *Id.* Neither the constitutional amendment nor Article 37.07, § 4(a) impacts substantive law on early release in Texas. They were created for the purpose of providing juries with information about possible early release, not to provide prisoners with any additional rights.

On its face, Article 37.07, § 4(a) contains no liberty-interest-creating language, and neither does Article IV, § 11 of the Texas Constitution. Likewise, neither says anything at all about trial courts having discretion to make parole decisions for those who are eligible. On the contrary, Article IV, § 11 provides the TBPP with "sole discretion on whether to grant parole." *Thoele v. Hinojosa*, No. 15-24-00008-CV, 2025 WL 2348070, at *2 (Tex. App. [15th Dist.] Aug. 14, 2025) (citing Tex. Const. art. IV, § 11). Accordingly, Plaintiff's objections claiming that the Magistrate Judge failed to properly address his arguments regarding Article 37.07, § 4(a) and the Texas Constitution are **OVERRULED**.

In rejecting Plaintiff's argument, the Magistrate Judge relied on several cases where other courts have concluded that Texas prisoners do not have a liberty interest in parole or in their good-time credits. D.E. 12, p. 16. Each of these cases discussed Article 37.07, § 4(a), and none found that it granted a liberty interest. *Gordon v. Perry*, No. CIV.A. 5:06CV242, 2007 WL 438253, at *5 (E.D. Tex. Feb. 6, 2007), *aff'd*, 259 F. App'x 651 (5th

Cir. 2007) ("The instructions given to juries in criminal cases regarding good time plainly do not create any sort of liberty interest for inmates to receive such good time."); *Parks v. Perry*, No. CIV.A. 5:06CV255, 2007 WL 438251, at *5 (E.D. Tex. Feb. 6, 2007), *aff'd*, 273 F. Appx. 366 (5th Cir. 2008) ("Parks has not shown that this instruction entitles him to any relief; it simply alerts jurors to the possibility that awards of good time could shorten the time which the defendant is actually incarcerated"); *Pohl v. Livingston*, No. CIV.A. 9:06CV4, 2006 WL 1050649, at *6 (E.D. Tex. Apr. 18, 2006) (referencing Article 37.07, § 4(a) and concluding that the plaintiff there "had no constitutional right to nor any liberty interest in release on parole once he became eligible."). Plaintiff's objection to the Magistrate Judge's reliance on these cases is therefore **OVERRULED**.

Plaintiff's only argument is that the existence of the two provisions discussed creates a liberty interest, which is not the case. Therefore, Plaintiff's arguments regarding Article 37.07, § 4(a) and the Texas Constitution fail, and his objections that these provisions conflict with or control over other laws are **OVERRULED**.

Beyond the arguments discussed above, Plaintiff does not challenge the Magistrate Judge's conclusion that Plaintiff must show a liberty interest in early release to state a claim under 42 U.S.C. § 1983 and the Due Process Clause. The M&R explained that (1) under the Due Process Clause and Texas law, only those eligible for mandatory supervision have a liberty interest in early release from prison, and (2) Plaintiff is not eligible for mandatory supervision. *See* D.E. 12, p. 13. This is a correct statement of law. *See Gill v. Lumpkin*, No. 4:21-CV-02747, 2024 WL 1185118, at *4 (S.D. Tex. Mar. 19, 2024). Accordingly,

Plaintiff's objection that the Magistrate Judge erroneously applied *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1 (1979), is **OVERRULED**. *See* 442 U.S. at 7 ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

Because Plaintiff has failed to show that he has a liberty interest in early release, the M&R correctly concludes that Plaintiff has failed to state a claim. The Magistrate Judge did not mischaracterize his claims. The objection is **OVERRULED**.

Because Plaintiff failed to state a claim upon which relief may be granted, this dismissal counts as a strike for the purposes of 28 U.S.C. § 1915(g). Plaintiff's objection to that recommendation is thus **OVERRULED**.

And finally, the Magistrate Judge was correct in stating that generally a district court should decline to exercise supplemental jurisdiction over state law claims once all federal claims have been dismissed. D.E. 12, p. 17. Plaintiff's objection to the recommendation to decline supplemental jurisdiction is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's objections and all other relevant documents in the record, and having made a de novo review of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the conclusions of the

6 / 7

Magistrate Judge (D.E. 12). Accordingly, the Court **DISMISSES with prejudice** Plaintiff's federal claims and **DISMISSES without prejudice** his state law claims.

The Court **ORDERS** that this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g) and **INSTRUCTS** the Clerk of Court to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**ORDERED** on April 27, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE